# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

JAY BROXTON,

      **Petitioner,**

v.                                          **Case No.  5:12cv183/MP/CJK**

MICHAEL D. CREWS,

      **Respondent.**

_____/

## REPORT AND RECOMMENDATION

     Before the court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254.  (Doc. 1).  Respondent filed an answer, submitting relevant portions of the state court record.  (Doc. 12).  Petitioner replied.  (Doc. 18).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration of all issues raised by petitioner, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter.  Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  The undersigned further concludes that the pleadings and attachments before the court show that petitioner is not entitled to federal habeas relief, and that the petition should be denied.

BACKGROUND AND PROCEDURAL HISTORY

On November 14, 2006, a Florida grand jury indicted petitioner in Bay County, Florida Circuit Court Case No. 06-3679, with (1) first degree felony murder, (2) robbery with a firearm and (3) burglary of a dwelling with a firearm. (Doc. 12, Ex. C, pp. 8-9).[1]  Petitioner went to trial and, on December 7, 2007, a jury found him guilty as charged, with the additional findings that petitioner possessed and discharged a firearm that caused serious bodily injury or death to James Edwards, Jr. (*Id*., pp. 330-31).  By second amended judgment rendered December 31, 2007, petitioner was adjudicated guilty and sentenced to concurrent life sentences, with a minimum mandatory sentence of twenty-five years. (Ex. C, pp. 361-69).  Petitioner's judgment of conviction was affirmed on direct appeal, per curiam and without a written opinion, on March 13, 2009.  *Broxton v. State*, 4 So. 3d 1223 (Fla. 1st DCA) (Table) (copy at Ex. G).  The mandate issued April 6, 2009.  (Ex. H).

Petitioner filed various applications for postconviction relief, but relevant here are the following motions.  On March 30, 2009, petitioner filed his first motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Ex. J, pp. 1-9).  The state circuit court dismissed the motion without prejudice for lack of jurisdiction on April 6, 2009. (*Id*., p. 10).  On April 10, 2009, petitioner re-filed his motion for postconviction relief. (*Id*., pp. 11-20).  The circuit court struck the motion as facially insufficient on April 16, 2009, with leave to amend within thirty days. (*Id*., p. 22).  On May 7, 2009, petitioner filed a pleading titled "Amendment/Supplements to Motion for Post Conviction Relief 'Newly Discovered Evidence.'" (*Id*., pp. 23-36).  The State responded. (*Id*., pp. 38-362).  The circuit court denied relief in an

---

[1]All references to exhibits will be to those provided at Doc. 12, unless otherwise noted.

amended order filed on September 21, 2009. (*Id*., pp. 880-1361). The Florida First District Court of Appeal ("First DCA") per curiam affirmed on April 9, 2010, without a written opinion. *Broxton v. State*, 36 So. 3d 87 (Fla. 1st DCA 2010) (Table) (copy at Ex. O). The mandate issued June 3, 2010. (Ex. R).

On July 19, 2010, petitioner filed a pleading titled "Motion for Postconviction Relief Brady Violation, Newly Discovered Evidence" under Fla. R. Crim. P. 3.850, raising two grounds for relief. (Ex. V, pp. 24-40). The circuit court summarily denied relief on Ground Two and directed the State to respond to Ground One. (*Id*., pp. 42-45). Petitioner filed an "Amendment/Supplement" to the motion (*id*., pp. 46-54) and a "Second Amendment/Supplement" (*id*., pp. 77-81). The State responded. (*Id*., pp. 56-71). On December 17, 2010, the circuit court denied the motion in its entirety. (*Id*., pp. 83-1129). Petitioner's motion for rehearing was denied on February 21, 2011. (*Id*., p. 1140). A second motion for rehearing was denied on March 8, 2011. (*Id*., p. 1149). Petitioner did not appeal from the December 17, 2010 order denying postconviction relief.

On March 14, 2011, petitioner filed a pleading titled "Motion for New trial (Newly Discovered Evidence) Recanted Testimony" under Fla. R. Crim. P. 3.850. (*Id*., pp. 1151-1155). On May 19, 2011, the state circuit court struck the motion as facially insufficient with leave given to file a facially sufficient Rule 3.850 motion. (*Id*., p. 1156-1158). On May 31, 2011, petitioner filed a pleading titled "Motion for Post-Conviction Relief 'Newly Discovered Evidence' Recanted Testimony/Statements of State's Witness Pursuant to Rule 3.850" (*id*., pp. 1159-1164), followed by a "Motion for Post-Conviction Relief Newly Discovered Brady Violation/Amendment/Supplement 'Trial Lawyer Statements.'" (*Id*. pp. 1166-70).

On July 21, 2011, the circuit court struck both documents as facially insufficient with leave to amend. (*Id*., pp. 1171-1172). On August 15, 2011, petitioner filed a "Motion for Post-Conviction Relief Newly Discovered Brady Violation (3.850)." (Ex. V, pp. 1-5). The circuit court denied the motion as successive on October 4, 2011. (*Id*., p. 7). On March 8, 2012, the First DCA per curiam affirmed without a written opinion. *Broxton v. State*, 83 So. 3d 712 (Fla. 1st DCA 2012) (Table) (copy at Ex. X). The mandate issued April 3, 2012. (Ex. Y).

Petitioner filed his federal habeas petition in this court on June 11, 2012. (Doc. 1, p. 1). The petition raises four grounds for relief. (Doc. 1). Respondent asserts that each of petitioner's claims fails for one or more of the following reasons: (1) the claim does not present an issue cognizable on federal habeas review, (2) the claim is procedurally defaulted, (3) the claim is without merit. (Doc. 12).

## APPLICABLE LEGAL STANDARDS

### Exhaustion and Procedural Default

Before bringing a § 2254 habeas action in federal court, a petitioner must exhaust all available state court remedies for challenging his conviction, 28 U.S.C. § 2254(b)(1),[2] thereby giving the state the "'opportunity to pass upon and correct'

---

[2]Section 2254 provides, in pertinent part:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

   (A) the applicant has exhausted the remedies available in the courts of the State; or

   (B) (i) there is an absence of available State corrective process; or

      (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (*quoting Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)). The petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); *Picard*, 404 U.S. at 277-78. A claim that was not presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, *i.e.*, procedurally barred from federal review. *O'Sullivan*, 526 U.S. at 839-40, 848, 119 S. Ct. 1728; *Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999); *Chambers v. Thompson*, 150 F.3d 1324, 1326-27 (11th Cir. 1998) (holding that federal habeas courts should enforce applicable state procedural bars even as to claims that were never presented to the state courts). A claim is also considered procedurally defaulted if it was presented in state court and rejected on the independent and adequate state ground of procedural bar or default. *Coleman v. Thompson*, 501 U.S. 722, 734-35 and n. 1, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991); *Caniff v. Moore*, 269 F.3d 1245, 1247 (11th Cir. 2001) ("[C]laims that have been held to be procedurally defaulted under state law cannot be addressed by federal courts."); *accord Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993); *Parker v. Dugger*, 876 F.2d 1470 (11th Cir. 1990), *rev'd on other grounds*, 498 U.S. 308, 111 S. Ct. 731, 112 L.Ed.2d 812 (1991). In the first instance, the federal court must determine

---

. . . .

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

whether any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine. *Bailey*, 172 F.3d at 1303. In the second instance, the federal court must determine whether the state's procedural default ruling rested on adequate state grounds independent of the federal question. *See Harris v. Reed*, 489 U.S. 255, 109 S. Ct. 1038, 1043, 103 L. Ed. 2d 308 (1989). The adequacy of a state procedural bar to the assertion of a federal question is itself a federal question. *Lee v. Kemna*, 534 U.S. 362, 122 S. Ct. 877, 885, 151 L. Ed. 2d 820 (2002). The adequacy requirement has been interpreted to mean that the rule must be "firmly established and regularly followed," *Siebert v. Allen*, 455 F.3d 1269, 1271 (11th Cir. 2006), that is, not applied in an "arbitrary or unprecedented fashion," *Judd v. Haley*, 250 F.3d 1308,1313 (11th Cir. 2001), or in a manifestly unfair manner. *Ford v. Georgia*, 498 U.S. 411, 424-25, 111 S. Ct. 850, 112 L. Ed. 2d 935 (1991); *Upshaw v. Singletary*, 70 F.3d 576, 579 (11th Cir. 1995).

A petitioner seeking to overcome a procedural default must show cause and prejudice, or a fundamental miscarriage of justice. *Tower*, 7 F.3d at 210. "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (*quoting Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986)). The miscarriage of justice exception requires the petitioner to show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 85, 130 L. Ed. 2d 808 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would

have convicted him." *Schlup*, 513 U.S. at 327.  Further:

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.  To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.

*Id*.

Section 2254 Standard of Review

Federal courts may issue habeas corpus relief for persons in state custody pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).  Pub. L. 104-132, § 104, 110 Stat. 1214, 1218-19. Section 2254(d) provides, in relevant part:

> (d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (2011).

The United States Supreme Court explained the framework for § 2254 review in *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).[3] The appropriate test was described by Justice O'Connor as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.*, 529 U.S. at 412-13 (O'Connor, J., concurring).

Employing the *Williams* framework, on any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a state court proceeding, the federal court must first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003). The law is "clearly established" only when a Supreme Court holding at the time of the state court decision embodies the legal principle at issue. *Thaler v. Haynes*, 559 U.S. 43, 130 S. Ct. 1171, 1173, 175 L. Ed. 2d 1003 (2010); *Bowles v. Sec'y for Dep't of Corr.*, 608 F.3d 1313, 1315 (11th Cir. 2010).

---

[3]Unless otherwise noted, references to *Williams* are to the majority holding, written by Justice Stevens for the Court (joined by Justices O'Connor, Kennedy, Souter, Ginsburg, and Breyer) in parts I, III, and IV of the opinion (529 U.S. at 367-75, 390-99); and Justice O'Connor for the Court (joined by Justices Rehnquist, Kennedy, Thomas, and – except as to the footnote – Scalia) in part II (529 U.S. at 403-13). The opinion of Justice Stevens in Part II was joined by Justices Souter, Ginsburg, and Breyer.

After identifying the governing legal principle(s), the federal court determines whether the state court adjudication is contrary to the clearly established Supreme Court case law.  The adjudication is not contrary to Supreme Court precedent merely because it fails to cite to that precedent.  Rather, the adjudication is "contrary" only if either the reasoning or the result contradicts the relevant Supreme Court cases. *Early v. Packer*, 537 U.S. 3, 8, 123 S. Ct. 362, 154 L. Ed. 2d 263 (2002) ("Avoiding th[e] pitfalls [of § 2254(d)(1)] does not require citation to our cases – indeed, it does not even require *awareness* of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them.").  If the state court decision <u>is</u> contrary to clearly established federal law, the federal habeas court must independently consider the merits of the petitioner's claim.  *See Panetti v. Quarterman*, 551 U.S. 930, 954, 127 S. Ct. 2842, 168 L. Ed. 2d 662 (2007).

If the state court decision is not contrary to clearly established federal law, the federal habeas court next determines whether the state court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases.  The federal court defers to the state court's reasoning unless the state court's application of the legal principle(s) was "objectively unreasonable" in light of the record before the state court. *Williams*, 529 U.S. at 409; *see Holland v. Jackson*, 542 U.S. 649, 652, 124 S. Ct. 2736, 159 L. Ed. 2d 683 (2004) (per curiam); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4, 122 S. Ct. 1843, 152 L. Ed. 2d 914 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).  An objectively unreasonable application of federal law occurs when the state court "identifies the correct legal rule from Supreme Court case law but

unreasonably applies that rule to the facts of the petitioner's case" or "unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." *Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001). A state court, however, may "decline to apply a specific legal rule that has not been squarely established by [the Supreme Court]" without running afoul of the "unreasonable application" clause. *Knowles v. Mirzayance*, 556 U.S. 111, 122, 129 S. Ct. 1411, 173 L. Ed. 2d 251 (2009).

When faced with a state appellate court's summary affirmance of a trial court's decision, the "unreasonable application" standard focuses on the state court's ultimate conclusion, not the reasoning that led to it. *See Gill v. Mecusker*, 633 F.3d 1272, 1287 (11th Cir. 2011) (*citing Harrington v. Richter*, — U.S. —, 131 S. Ct. 770, 786, 178 L. Ed. 2d 624 (2011)). The federal court must determine what arguments or theories supported or could have supported the state court's decision, and then ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior Supreme Court decision. *See Richter*, 131 S. Ct. at 786; *see also Gill*, 633 F.3d at 1292 (holding that the federal district court may rely on grounds other than those articulated by the state court in determining that habeas relief was not warranted, so long as the district court did not err in concluding that the state court's rejection of the petitioner's claims was neither an unreasonable application of a Supreme Court holding nor an unreasonable determination of the facts). In sum, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."

*Richter*, 131 S. Ct. at 786-87.

Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in state court where that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). As with the "unreasonable application" clause, the federal court applies an objective test. *Miller-El v. Cockrell*, 537 U.S. 322, 340, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (holding that a state court decision based on a factual determination "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding."). The "unreasonable determination of the facts" standard is implicated only to the extent the validity of the state court's ultimate conclusion is premised on unreasonable fact finding. *See Gill*, 633 F.3d at 1292.

When performing review under § 2254(d), the federal court presumes that all factual determinations made by the state court are correct. 28 U.S.C. § 2254(e)(1). The petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id.*; *see, e.g., Miller-El*, 537 U.S. at 340 (explaining that a federal court can disagree with a state court's factual finding and, when guided by AEDPA, "conclude the decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence"). Neither the Supreme Court nor the Eleventh Circuit has interpreted how § 2254(d)(2) and §2254(e)(1) interact in the context of fact-based challenges to state court adjudications. *Cave v. Sec'y for Dep't of Corr.*, 638 F.3d. 739 (11th Cir. 2011). However, the Eleventh Circuit recently declined to grant habeas relief under § 2254(d)(2) in the context of a state appellate court's summary affirmance, where it found that the validity of the state court

decision was not premised on the trial court's unreasonable fact finding, and that the petitioner failed to demonstrate "by clear and convincing evidence that the record reflect[ed] an insufficient factual basis for affirming the state court's decision." *Gill*, 633 F.3d at 1292.

Only if the federal habeas court finds that the petitioner satisfied AEDPA and § 2254(d), does the court take the final step of conducting an independent review of the merits of the petitioner's claims. *See Panetti*, 551 U.S. 930, 954, 127 S. Ct. 2842. Even then, the writ will not issue unless the petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a). "If this standard is difficult to meet, that is because it was meant to be." *Richter*, 131 S. Ct. at 786.

## DISCUSSION

Ground One          "Improperly introduced evidence." (Doc. 1, p. 4).

Petitioner alleges the following in support of this claim:

> Over defense objections!  State improperly introduced (a mask) as evidence after (both) State's eyewitnesses had testified.  Defense could not properly cross-examine State's witness as to (if the mask introduced was mask described by only one eyewitness).  Defendant has been denied (due process), the mask was not found at crime scene, nor did the mask contain (DNA) from the victim, making the mask irrelevant.

(Doc. 1, p. 4) (parentheses in original).  Petitioner asserts he raised this claim in his direct appeal. (*Id.*).

Respondent argues petitioner's claim must be rejected without reaching the merits because it raises a purely state law issue. (Doc. 12, pp. 6-7).  Respondent argues in the alternative that even if found to present a federal claim, petitioner

procedurally defaulted the federal claim because although he challenged the admission of the mask at trial and on direct appeal, he presented his claim as a purely state law issue and failed to apprise the state court of the federal constitutional nature of his claim. (*Id.*, pp. 7-12). As a final alternative, respondent argues that petitioner's claim should be rejected because it is without merit. (*Id.*, pp. 12-15).

To the extent petitioner's claim can be liberally construed as raising a <u>federal constitutional</u> challenge to the admission of the mask (by petitioner's reference to due process), the claim is unexhausted because petitioner did not present the federal constitutional nature of his claim to the state appellate court on direct appeal. When petitioner challenged the trial court's admission of the mask on direct appeal, he argued that the trial court abused its discretion when it admitted the mask. (Ex. D, pp. 27-34). The basis of petitioner's argument was that the State failed to meet Florida's standard for relevance, that the trial court's finding that the mask was relevant "was error", and that "[t]his error was not harmless." (*Id.*, pp. 30-32). Petitioner cited exclusively to state law cases and all of his substantive arguments addressed Florida law. (*Id.*, pp. 30-32 (*citing* Fla. Stat. § 90.401; *Lavellee v. State*, 958 So. 2d 509 (Fla. 4th DCA 2007), and three other state cases)). Petitioner did not cite any federal cases and did not say, or even suggest, that his claim was a federal claim about due process or the right of confrontation. Nothing in petitioner's direct appeal argument would have alerted the state court to the presence of a federal claim. *See Baldwin v. Reese*, 541 U.S. 27, 124 S. Ct. 1347, 1351, 158 L. Ed. 2d 64 (2004) ("[A] litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a

claim on federal grounds, or by simply labeling the claim 'federal.'").  Petitioner failed to exhaust any federal constitutional claim concerning admission of the mask. *See, e.g., Duncan*, 513 U.S. at 365-66 115 S. Ct. at 888 (holding that federal habeas petitioner failed to exhaust his claim that the state trial court's evidentiary ruling violated the Due Process Clause of the Fourteenth Amendment; petitioner's state law claim that the prejudicial effect of the evidence outweighed its probative value was only somewhat similar to, not the same as, petitioner's federal habeas claim that the evidence was so inflammatory as to prevent a fair trial); *McNair v. Campbell*, 416 F.3d 1291, 1302-03 (11th Cir. 2005) (holding that federal habeas petitioner failed to "fairly present" his federal confrontation-clause claim to the state court on direct appeal where petitioner's initial brief claimed the jury improperly considered and relied on extraneous evidence in violation of state law, petitioner's brief relied almost exclusively on state law, and petitioner made only two passing references to federal law without discussing the federal standards regarding extraneous materials); *Zeigler v. Crosby*, 345 F. 3d 1300, 1307 (11th Cir. 2003) (holding that federal habeas petitioner failed to "fairly present" his juror misconduct claims to the state courts where his brief to the state appellate court did not refer to the federal constitutional issues raised in his federal habeas petition, and none of the cases cited in his direct appeal discussed the Federal Constitution); *see also, e.g., Prendergast v. Clements*, 699 F.3d 1182, 1184-85 (10th Cir. 2012) (holding that federal habeas petitioner did not "fairly present" his federal due process challenge to the state court's consideration of certain evidence at his resentencing, where in his direct appeal he only argued that the trial court abused its discretion in considering the evidence; "We see nothing in Prendergast's briefing there to alert the state court about a federal constitutional

claim.").

Petitioner is barred by state procedural rules from returning to state court to exhaust a federal constitutional challenge to the evidentiary ruling on the mask. *See* Fla. R. Crim. P. 3.850(c) ("This rule does not authorize relief based on grounds that could have or should have been raised at trial and, if properly preserved, on direct appeal of the judgment and sentence."). Petitioner's claim is considered procedurally defaulted for purposes of federal habeas review. Petitioner has made none of the requisite showings to excuse his default. Petitioner's procedural default bars federal habeas review of Ground One.

Ground Two       "Newly Discovered Evidence 'Recanted Testimony.'" (Doc. 1, p. 4).

Petitioner alleges the following in support of this claim:

> Co-defendant (Ahmad Smith) recanted his testimony. (Smith) recanted his testimony under oath at a suppression, "in front of defendant's trial judge." Smith testified he was (coerced) into making statements against defendant. (Petitioner) Broxton was denied due process and a constitutional right to an evidentiary hearing with co-defendant (Smith) testifying to these facts.

(Doc. 1, p. 4) (parentheses in original). Petitioner asserts he raised this claim in state court in a postconviction motion – "3.850, Newly Discovered Evidence, 'Recanted Testimony.'" (*Id.*, pp. 4-5).

Respondent argues that neither petitioner's claim of newly discovered evidence, nor his claim that he was deprived of due process in his state postconviction proceeding (due to the state court's failure to hold an evidentiary hearing on the newly discovered evidence claim), presents a claim cognizable on federal habeas review. (Doc. 12, pp. 15-17). Respondent alternatively argues that even if

petitioner's claim is deemed one cognizable on federal habeas review, petitioner is not entitled to relief because the state court's rejection of petitioner's newly discovered evidence claim is not contrary to, or based on an unreasonable application of, clearly established Federal law. (*Id.*, pp. 17-19).

The factual basis of petitioner's claim is explained more fully in the state court's September 21, 2009 order (ex. J, pp. 880-1361) denying petitioner's postconviction motion titled "Amendment/Supplements to Motion for Post Conviction Relief 'Newly Discovered Evidence'" filed on May 7, 2009 (ex. J, pp. 23-36). The state court described petitioner's basis for relief as follows:

> On December 7, 2007, a jury convicted Defendant of Count I: First Degree Felony Murder with a Firearm, Count II: Robbery with a Firearm, and County III: Burglary of a Dwelling with a Firearm. Defendant was sentenced to life without parole for Count I and life with a 25 years minimum mandatory for Counts II and II [sic], all to be served concurrent. Following a direct appeal, Defendant's judgment and sentence were per curiam affirmed. *See* Broxton v. State, 4 So. 3d 1223 (Fla. 1st DCA 2009).
>
> In the above styled case, there were three individuals involved in the crime – Jay Samuel Broxton, Eric Harden, and Ahmad Smith. Ahmad Smith gave statements (*See* attached) and cooperated with police once he realized his bandana had fallen from his face during the crime and that he could be identified. Ahmad Smith agreed to and did testify against Eric Harden (*See* attached Transcript – Testimony of Ahmad Smith March 4, 2008) and Jay Samuel Broxton (*See* attached Transcript – Testimony of Ahmad Smith December 4, 2007) in exchange for a sentence less than life. Ahmad Smith also gave a deposition on September 21, 2007. (*See* attached). All of this testimony from Ahmad Smith basically tells the same story.
>
> However, Ahmad Smith later decided that he did not want to plea and instead wanted to go to trial himself. Thereafter, Ahmad Smith filed

a Motion to Suppress claiming his statements were involuntary and he began to tell a different story prior to his own trial. (*See* attached Motion). Based upon Ahmad Smith's subsequent testimony at his own suppression hearing, Defendant files the instant motion. (*See* attached Transcript of Hearing June 25, 2008). Defendant alleges that since Ahmad Smith's statements were involuntary they would have been inadmissible and Defendant would have challenged those statements as such and Ahmad Smith would not have testified against Defendant which would have resulted in his acquittal. Thus, Defendant files the instant Motion for Post Conviction Relief alleging newly discovered evidence based upon the recanted statements made by Ahmad Smith at his suppression hearing conducted on June 25, 2008.

(*Id.*, pp. 880-881). The court went on to deny relief as follows:

After conducting a hearing [on Smith's motion to suppress] on June 25, 2008, the court entered an order denying Ahmad Smith's motion finding that his statements to police were voluntary with no basis for suppression and that Ahmad Smith's prior deposition testimony and testimony at the co-defendant's [sic] trials was more credible than his current testimony at the suppression hearing. (*See* attached Order) . . . Furthermore, the jury in Ahmad Smith's trial also rejected arguments at closing regarding the voluntariness of his statements after his trial counsel called officers to testify regarding the statements. (*See* attached Trial Transcript Excerpts September 5, 2008 Morning and Afternoon Session). Based upon the foregoing, the attached record demonstrates that Ahmad Smith's statements were voluntary and Defendant's allegations are without merit.

(*Id.*, p. 881). The First DCA summarily affirmed. (Ex. O).

Petitioner's claim here is that the state court deprived him of due process when it denied relief on his newly discovered evidence claim without holding an evidentiary hearing. Petitioner's claim fails for three reasons. First, as the Supreme Court stated in *Herrera v. Collins*, 506 U.S. 390, 113 S. Ct. 853, 122 L. Ed. 2d 203 (1993): "Claims of actual innocence based on newly discovered evidence have never

been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." 506 U.S. at 400, 113 S. Ct. at 860; *see also Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1356 (11th Cir. 2007) ("[O]ur precedent forbids granting habeas relief based upon a claim of actual innocence, . . . at least in non-capital cases.") (*citing Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002)).

Second, even assuming for purposes of argument that petitioner's claim of newly discovered evidence is cognizable in federal habeas corpus, petitioner cannot establish that the state court's denial of relief on his claim was contrary to, or based on an unreasonable application of, clearly established Federal law, because there is no clearly established Federal law recognizing a federal constitutional right to be released upon proof of "actual innocence." *Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 71-72, 129 S. Ct. 2308, 2321-22, 174 L. Ed. 2d 38 (2009) (confirming that whether such a Federal right exists is an open question (*citing House v. Bell*, 547 U.S. 518, 554-55, 126 S. Ct. 2064, 165 L. Ed. 2d 1 (2006), *and Herrera v. Collins*, 506 U.S. at 398-417)).

Third, to the extent petitioner claims his Federal constitutional rights were violated by the state court's denying relief without an evidentiary hearing, his claim fails to state a claim cognizable on federal habeas review. It is well established in the Eleventh Circuit that a prisoner's challenge to the process afforded him in a state postconviction proceeding does not constitute a cognizable claim for habeas corpus relief, because such a claim represents an attack on a proceeding collateral to the prisoner's confinement and not the confinement itself. *Alston v. Dep't of Corr., Fla.*, 610 F.3d 1318, 1326 (11th Cir. 2010) (holding that habeas petitioner's claim – that

the state postconviction court acted unreasonably when it determined he was competent to waive his postconviction proceedings and that his waiver was valid – was not cognizable on federal habeas review; "[T]he state court finding that Alston was competent to waive his post-conviction proceedings concerns the state's application of its own post-conviction procedure, not the legality of Alston's detention."); *Carroll v. Sec'y, DOC, Fla. Attorney Gen.*, 574 F.3d 1354, 1366 (11th Cir. 2009) (holding that habeas petitioner's claim – that the state court violated his due process rights when it summarily denied his postconviction claim without an evidentiary hearing – did not state a claim on which federal habeas relief could be granted); *Anderson v. Sec'y for Dep't of Corr.*, 462 F.3d 1319, 1330 (11th Cir. 2006) (same); *Quince v. Crosby*, 360 F.3d 1259, 1261-62 (11th Cir. 2004) (explaining that "while habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief."); *Spradley v. Dugger*, 825 F.2d 1566, 1568 (11th Cir. 1987) (holding that habeas petitioner's claim that errors in Rule 3.850 proceeding violated his right to due process did not state a basis for habeas relief because the claim "[went] to issues unrelated to the cause of petitioner's detention.").  As the Eleventh Circuit explained in *Alston*:

> Federal habeas relief is available to remedy defects in a defendant's conviction and sentence, but "an alleged defect in a collateral proceeding does not state a basis for habeas relief." *Quince v. Crosby*, 360 F.3d 1259, 1262 (11th Cir. 2004); *see also Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1365 (11th Cir. 2009) (collecting cases), *cert. denied*, — U.S. —, 130 S. Ct. 500, 175 L. Ed. 2d 355 (2009). There is a valid reason behind this principle: "[A] challenge to a state collateral proceeding does not undermine the legality of the detention or imprisonment – i.e., the conviction itself – and thus habeas relief is not an appropriate remedy." *Carroll*, 574 F.3d at 1365.  Furthermore, such

challenges often involve issues of state law, and "[a] state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." *McCullough v. Singletary*, 967 F.2d 530, 535 (11th Cir. 1992).

*Id*. at 1325-26.

For all of the foregoing reasons, petitioner is not entitled to federal habeas relief on Ground Two.

<u>Ground Three</u>     "<u>Brady Violations.</u>"  (Doc. 1, p. 5).

Petitioner claims the State engaged in a *Brady*[4] violation by willfully suppressing the identity of an eyewitness named "Tyler."  Petitioner alleges the following in support of this claim:

> The State willfully suppressed an eyewitness (Tyler) from defense.  Also the (state) willfully suppressed two suspects with motive and opportunity, "both matching the description" the victim witness (Rene Roy) and (Tyler) gave to law enforcement.  This information was not known to defendant until after filing initial 3.850.  State erred in denying as (successive).  Defendant was denied due process.

(Doc. 1, p. 5) (parentheses in original).  Petitioner asserts he raised his *Brad*y violation claim in a Rule 3.850 motion filed after his original Rule 3.850 motion. (*Id*.).

Respondent asserts this claim is procedurally defaulted, because the state court rejected the claim on an independent and adequate state procedural ground.  (Doc. 12, pp. 19-20).  Respondent alternatively argues that petitioner is not entitled to federal habeas relief because the state court's rejection of petitioner's claim in its December

---

[4]In *Brady v. Maryland*, the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused . . . violates due process where the evidence is material either to guilt or to punishment."  373 U.S. 83, 87, 83 S. Ct. 1194, 1196-97, 10 L. Ed. 2d 251 (1963).

17, 2010 order is consistent with clearly established Federal law. (*Id*., pp. 20-24).

Petitioner's claim is procedurally defaulted. Petitioner raised the issue concerning the State's failure to disclose Tyler (a child who was in the residence at the time the crimes were committed) as part of Ground One of his pleading titled "Motion for Postconviction Relief Brady Violation, Newly Discovered Evidence" filed on July 19, 2010, and amendments/supplements. (Ex. V, pp. 24-40). After the State responded that Tyler's statement to police was turned over in discovery as part of an investigative report by Investigator Billy Byrd (*id*., p. 58 and Attach.), petitioner filed a second amendment/supplement asserting that if Tyler was disclosed to the defense, defense counsel was ineffective for failing to investigate Tyler further (*id*., pp. 77-82). The state postconviction court denied relief as follows:

> Defendant next alleges that the State suppressed audio, video, and any written reports of the children who were present and witnesses at the time of the crime. Defendant notes that Officer Bailey testified as to the existence of these recorded statements from the children during Ahmad Smith's trial in September 2008. In fact, one of the children (Tyler) told police she saw a K-Swiss shoe in the doorway but not much else. See investigative Report of Billy Bird [sic] September 3, 2006. This was produced in discovery as part of the investigative report wherein Inv. Byrd noted that CPT interviews were conducted. Accordingly, there was no Brady violation and this does not meet the definition of newly discovered evidence because defense counsel was aware of this evidence.

(Ex. V, pp. 85, 86). Petitioner did not appeal the state circuit court's order denying relief. Petitioner raised the alleged *Brady* violation involving Tyler again in his "Motion for Post-Conviction Relief Newly Discovered Brady Violation (3.850)" filed on August 15, 2011. (Ex. V, pp. 1-5). The state circuit court denied the motion as successive on October 4, 2011. (*Id*., p. 7). On March 8, 2012, the First DCA

summarily affirmed.  (Ex. X).

Petitioner's presentation of his *Brady* violation claim in his July 19, 2010 postconviction proceeding does not constitute proper exhaustion, because petitioner did not appeal the order denying postconviction relief.  As petitioner failed  to "invok[e] one complete round of the State's established appellate review process," *O'Sullivan v. Boerckel*, 526 U.S. at 845, and is now barred by state procedural rules from returning to state court to do so, his claim is considered procedurally defaulted on federal habeas.  Petitioner's second attempt to exhaust his *Brad*y violation claim involving Tyler by raising it in his August 15, 2011 postconviction proceeding does not constitute proper exhaustion, because the state court denied relief on the independent and adequate state law ground of Florida's prohibition on successive postconviction motions.  The state circuit court explained, in relevant part:

> The Defendant has since filed at least seven different postconviction  motions, all of which have either been dismissed for various reasons or denied on the merits.  In the instant motion, the Defendant again alleges a ground for relief that this Court has previously considered and denied.  The Defendant alleges the State "willfully suppressed" the existence of Tyler, an eyewitness.  This claim was previously denied by this Court on December 16, 2010. (*See* Order Denying Motion for Postconviction Relief.).  Therefore, the instant motion is due to be denied as successive.

(Ex. V, p. 7).  The First DCA affirmed.  (Ex. X).  The state court's refusal to consider petitioner's *Brady* claim as procedurally barred rested on an independent and adequate state law ground that precludes federal habeas consideration of the issue. *See* Fla. R. Crim. P. 3.850(f) (2011) ("A second or successive motion may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits. . . ."); *see also LeCroy v. Sec'y, Fla.*

*Dep't of Corr.*, 421 F.3d 1237, 1260 n. 25 (11th Cir.2005) ("This Court has already concluded that the procedural requirements of Florida's Rule 3.850 constitute independent and adequate state grounds under the applicable law.") (*citing Whiddon v. Dugger*, 894 F.2d 1266, 1267-68 (11th Cir.1990)).

Petitioner has made none of the requisite showings to excuse his procedural default. Petitioner's procedural default precludes federal habeas review of the *Brady* issue raised in Ground Three.

Ground Four          "Motion to Compel Compliance (Bay County Sheriff Office)."
                     (Doc. 1, p. 5).

Petitioner alleges the following in support of this claim:

> Defendant filed a properly filed "FOIA" Fla. Ch. 119; with Bay County Sheriff Office. Sheriff Office admitted to having (DVD) etc. . . . in question, but refused to give evidence to defendant. (State court denied motion). A violation of (petitioner's) due process and constitutional rights to evidence willfully suppressed by the state.

(Doc. 1, p. 5) (parentheses in original). Petitioner asserts he raised this claim in a "Motion to Compel Compliance" filed in state court. (*Id.*). A copy of petitioner's public records request, petitioner's "Motion to Compel Compliance" (which attaches a copy of the Bay County Sheriff's Office's response to his public records request), and a copy of the state circuit court's order denying petitioner's "Motion to Compel Compliance" are part of the state court record. (Ex. V, pp. 1134-35, 1146-1150). Petitioner sought: (1) the DVD of the Child Protection Team's interview of Tyler, (2) transcripts of "grand jury hearing" and (3) transcriptions of "interview with Rene Roy about J.B." and "J.B. interview about phone calls with Rene Roy." (*Id.*, pp. 1134, 1146).

Respondent asserts this claim is not cognizable on federal habeas review because it involves purely a state law issue and does not undermine the legality of petitioner's detention. (Doc. 12, pp. 24-25).

Petitioner's challenge to the handling of his public records request does not state a basis for federal habeas relief, because it does not undermine the legality of his imprisonment (the conviction itself). *See Alston, supra*, 610 F.3d at 1325-26. Further, petitioner has no constitutional right of postconviction access to the evidence at issue. *Cf. Osborne, supra*, 572 U.S. 52, 129 S. Ct. 2308. Ground Four does not provide a basis for federal habeas relief.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted). Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to

this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1.   That the petition for writ of habeas corpus (doc. 1), challenging the judgment of conviction and sentence in *State of Florida v. Jay Samuel Broxton*, Bay County, Florida Circuit Court Case Number 06-3679, be DENIED, and the clerk be directed to close the file.

2.   That a certificate of appealability be DENIED.

At Pensacola, Florida this 8th day of January, 2014.


/s/ *Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


<u>NOTICE TO THE PARTIES</u>

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).